IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL L. PACK | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. RDB-07-2004 |
| ASSISTANT ATTORNEY GENERAL | * | |
| MAUREEN WALSH DAVID | | |
| Defendant. | * | |

**MEMORANDUM OPINION**

Michael Pack ("Pack") is a resident of Baltimore, Maryland who, since 1995, has filed approximately 80 civil cases in this court, the majority of which have been summarily dismissed. On July 27, 2007, Pack filed the instant complaint seeking $50,000,000.00 in damages. Pack states that Maryland Assistant Attorney General David committed perjury in a judgment awarded in her favor and against Pack in a state court proceeding. (Paper No. 1). He claims that David incorrectly argued to the court that State Treasurer Nancy Kopp was not the proper party defendant and that this constitutes perjury. He accuses David of gross negligence. Because he appears indigent, Pack's Motion to Proceed In Forma Pauperis shall be granted.

As the indigency application has been granted leave to proceed without the prepayment of filing fees, this Court is free to dismiss Pack's claims before service of process and dismiss the Complaint *sua sponte* if it contains no factual or legal basis or otherwise fails to state a claim. *See Neitzke v. Williams*, 490 U.S. 319, 325 & 327 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951, 954 (4th Cir. 1995).

To the extent that Pack is seeking to re-litigate claims made against David in *Pack v. Office of the Attorney General*, Civil Action No. AMD-07-555 (D. Md.), he is estopped from so doing

under the doctrine of *res judicata*.[1] As previously noted by the Honorable Andre M. Davis, Pack's disagreement with arguments and/or statements made by David in his state court litigation does not provide the basis for an independent cause of action under this Court's federal question jurisdiction. Inasmuch as Pack's claims against David were previously dismissed with prejudice as frivolous under 28 U.S.C. § 1915(e) and the claims in the two suits are sufficiently identical as to arise out of the same series of transactions, the first case dismissal provides *res judicata* effect and establishes that Pack's identical claims here are frivolous for 28 U.S.C. § 1915(e) purposes. Therefore, this Complaint shall be dismissed without service of process upon David. A separate Order shall be entered reflecting the opinion set out above.

Date: August 1, 2007                     /s/
                                         RICHARD D. BENNETT
                                         UNITED STATES DISTRICT JUDGE

---

[1] The doctrine of *res judicata* or claim preclusion provides that a final judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based upon the same cause of action. *See Jones v. SEC*, 115 F.3d 1173, 1178 (4th Cir. 1997); *Keith v. Aldridge*, 900 F.2d 736, 739 (4th Cir. 1990); *Nash County Bd. of Ed. v. Biltmore Co.*, 640 F.2d 484, 485 (4th Cir. 1981). Federal law controls the assessment of the preclusive effect of the earlier federal judgment. *See Harnett v. Billman*, 800 F.2d 1308, 1312-13 (4th Cir. 1986). Dismissal pursuant to 28 U.S.C. § 1915(e) dismissal is "not a dismissal on the merits, but rather an exercise of the court's discretion under the in forma pauperis statute." *Denton v. Hernandez*, 504, U.S. 25, 32 (1992). Although a § 1915(e) dismissal does not bar future litigation over the merits of a paid complaint making the identical allegations as the dismissed complaint, such a dismissal has *res judicata* effect on "frivolous determinations for future in forma pauperis petitions." *Id.*; *see also Hughes v. Lott*, 350 F.3d 1157, 1161-62 (11th Cir. 2003); *Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1997).